PEOPLE v. NEILSON.

CRIMINAL LAW—RECEIVING STOLEN PROPERTY—EVIDENCE—GREAT WEIGHT OF EVIDENCE.

In a prosecution for receiving stolen property, evidence examined, and held, insufficient to sustain a conviction, and the motion for a new trial on the ground that the verdict was against the great weight of the evidence should have been granted.

Error to recorder's court of Detroit; Heston (William M.), J. Submitted June 16, 1921. (Docket No. 103.) Decided July 19, 1921.

Gustave Neilson was convicted of receiving stolen property, and sentenced to imprisonment for not less than 2 nor more than 5 years in the State Prison at Jackson. Reversed.

As to what knowledge is necessary to convict one of receiving stolen property, see note in 22 L. R. A. (N. S.) 833.

*Charles Bowles,* for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *Seward F. Nichols,* Assistant Prosecuting Attorney, for the people.

CLARK, J.    Defendant, owning his home, having a wife and three children, holding a responsible position, being of good reputation, was convicted of receiving a stolen automobile, knowing it to be stolen. We are asked to set aside the conviction as being against the great weight of the evidence.    The car had been stolen in Detroit before defendant purchased it, but we think the record is almost, if not wholly, barren of evidence that defendant knowingly purchased a stolen car, or had knowledge of the stealing before his arrest.    He wanted an Oldsmobile.    He saw one offered for sale at an address in Detroit. There was nothing unusual about the purchase.    He examined the car, asked the usual questions, took time in negotiation, made a small down payment, later paid the price, $1,700, in full, had an attorney prepare a bill of sale, which was duly signed, compared the car number with the number stated in the bill of sale, obtained the car, drove it freely about the city and to his work, and parked it on public streets. Later, learning that police officers were inquiring about the car, he called by telephone the police department and was advised of the inquiry.    He at once drove the car to the police station, stating that if anything was wrong he wanted to know it.    He was then arrested.

A particular point urged by the people, as showing guilty knowledge, is that he changed the appearance of the car.    He put on a bumper, painted his initials on the car doors, and fixed an emblem of a fraternal society in the radiator top.    We think these acts

were innocent and commonly done by owners of cars. And a discrepancy in the date of the bill of sale is urged. This was not explained. Defendant did not notice it. It might have been due to the fact that the bill was prepared some days before delivery. It might have been an error of the attorney. From this incident, guilty knowledge in this case may not be inferred, nor upon this record can it be inferred that defendant had knowledge that the number of the car had been changed before he purchased it.

The verdict being against the great weight of the evidence, the motion for a new trial on that ground should have been granted. The conviction is set aside, and a new trial granted.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.